Dear Executive Director Jean Williams
¶ 0 This Office has received your letter asking for an official Opinion addressing, in effect, the following question:
Is a building constructed by a public trust authority (havinga municipality as its beneficiary), to be used by a privatetenant for commercial or industrial purposes, a municipalbuilding requiring licensed architectural services, pursuant to59 O.S. Supp. 1998, § 46.3[59-46.3](E)?
 I. INTRODUCTION
¶ 1 The Board of Governors of Licensed Architects and Landscape Architects ("Board") regulates the practice of architecture in the State of Oklahoma. See 59 O.S. 1991 Supp. 1998, §§46.1-46.37. The State Architectural Act ("Architectural Act") defines the "practice of architecture" as the "rendering or offering to render certain services, in connection with the design and construction, enlargement or alteration of a building or a group of buildings and the space surrounding such buildings. . . ." 59 O.S. Supp. 1998, § 46.3[59-46.3] (B). While the Architectural Act broadly defines the "practice of architecture," it does not require licensed architectural services in all instances. Under the Architectural Act, cost, use, and type of structure determine whether licensed architectural services are required.
¶ 2 For example, the Architectural Act makes it unlawful for any unlicensed person to "engage in the planning, designing and preparation of drawings and specifications for the alteration or construction of any building to be used as . . . [a] municipalbuilding where the reasonably estimated total cost for construction, remodeling or repairing of such building exceeds the sum of Forty Thousand Dollars ($40,000.00)." 59 O.S. Supp. 1998, § 46.3[59-46.3](E) (emphasis added). Under this provision, licensed architectural services would be required when the building is to be used as a municipal building, and its construction exceeds the reasonably estimated cost of $40,000.
¶ 3 Conversely, licensed architectural services are not required for other structures under the Architectural Act, such as industrial or commercial buildings not exceeding two stories in height. See 59 O.S. Supp. 1998, § 46.3[59-46.3](E). Therefore, if a building is used as a commercial or industrial building, and its height does not exceed two (2) stories (excluding the basement), licensed architectural services would not be required.
 II. BUILDINGS USED AS MUNICIPAL BUILDINGS
¶ 4 Your question involves whether licensed architectural services would be required on a building constructed by a public trust authority[1] (having a municipality as its beneficiary) when the building is to be used by a commercial or industrial tenant. For purposes of determining whether a building requires licensed architectural services, the Architectural Act focuses on the use rather than the ownership of the building. Therefore, we must determine what constitutes a municipal building in order to ascertain whether licensed architectural services will be required.
¶ 5 The Architectural Act defines the term "building" to mean "a structure consisting of a foundation, walls, roof, with or without parts[.]" See 59 O.S. Supp. 1998, § 46.3[59-46.3](E). However, the Architectural Act does not define the term "municipal."[2] Consequently, the term "municipal" must be construed in its plain and ordinary meaning, consistent with 25O.S. 1991, § 1[25-1]. Webster's Third New International Dictionary defines "municipal" or "municipal corporation" as "a political unit (as a town, city, or borough) . . . endowed with powers of local self-government," Webster's Third New International Dictionary 1487 (3d. ed. 1993), and defining "government" to mean "the organization, machinery, or agency through which a political unit exercises [its] authority and performs [its] functions. . . ." Id. at 982.
¶ 6 Focusing on the building's use, we must determine whether the building you inquire about will be used by the municipality to exercise its authority and perform its local governmental functions. If the building is constructed by the public trust authority and is to be used by the municipality to perform its local governmental functions, the building would be "used as a municipal building," thereby requiring licensed architectural services. If the building is constructed by the public trust authority and is to be used by a private tenant for commercial or industrial purposes, the building would not be "used as a municipal building," therefore licensed architectural services would not be required.
¶ 7 In the question posed, the public trust authority (having a municipality as its beneficiary) constructed a building, but the building was not to be used by the municipality to perform its local governmental functions. Rather, the building was to be used by a private tenant for commercial or industrial purposes. Therefore, the use of the building would not constitute "use as a municipal building" requiring licensed architectural services. We do not address whether licensed architectural services would nevertheless be required because of the building's size or cost.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The State Architectural Act, 59 O.S. Supp. 1998, §46.3(E), requires licensed architectural services on buildings"used as municipal buildings" if the reasonably estimated totalcost of the construction exceeds $40,000.
 2. Licensed architectural services are required on buildingsconstructed for use as commercial or industrial buildings if thebuildings exceed two (2) stories in height (excludingbasements). See 59 O.S. Supp. 1998, § 46.3[59-46.3](E).
3. A building "used as a municipal building," for purposes of59 O.S. Supp. 1998, § 46.3(E), is any structure consisting ofa foundation, walls, and roof, which is used by the municipalityto perform its local governmental functions.
 4. A building constructed by a public trust authority (havinga municipality as its beneficiary) is not "used as a municipalbuilding" when it is to be used by a private tenant forcommercial or industrial purposes rather than by a municipalityto perform its local governmental functions.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOHN A. MAISCH ASSISTANT ATTORNEY GENERAL
[1] Municipalities may create public trust authorities to fund "any authorized and proper public function or purpose." See 60O.S. 1991 Supp. 1998, 176-181. As a general principle, public trust authorities are distinct from their governmental beneficiaries. A.G. Opin. 98-36, citing State v. Garrison,348 P.2d 859, 862 (Okla. 1959).
[2] The Oklahoma Supreme Court recognized the ambiguity of the term "municipal building" in Reid v. City of Muskogee, where a city bond election was challenged based on the lack of specificity of the term "city hall or municipal building."278 P. 339, 342 (Okla. 1929)